[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding arises out of the sale of the plaintiffs' property to the Town of Ridgefield pursuant to a sale at auction ordered by the United States Bankruptcy Court for the District of Connecticut. In their revised two count complaint, the plaintiffs allege causes of action against the defendants for tortious interference with contractual and business relations (count one) and violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count two).
On May 24, 2000, the defendants filed a motion to strike both counts of the plaintiffs' revised complaint on the grounds that the plaintiffs failed to allege sufficient facts to support their claims and that CUTPA does not apply to municipalities. On August 7, 2000, the court (Moraghan, J.), denied the defendants' motion to strike as to count one of the revised complaint, but granted the motion to strike as to count two. In striking the plaintiffs' CUTPA claim, the court held that CUTPA is inapplicable to the acts of a municipality. On August 24, 2000, the plaintiffs filed a motion for a written determination permitting immediate appeal of the court's August 7, 2000 decision pursuant to § 61-4 of the Practice Book. CT Page 13974
Section 61-4(a) provides in pertinent part that "[a] judgment [that disposes of only a part of a cause of action] shall be considered an appealable final judgment only if the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs." (Emphasis in original.) "[T]he purpose of Section 61-4 is to create a narrow exception to our final judgment rule for those rare and special cases where interlocutory review of a trial court's pretrial ruling will resolve or greatly streamline the resolution of the entire case."ShareAmerica, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury, Docket No. 150132 (July 23, 1999, Sheldon, J.) (25 Conn.L.Rptr. 160).
The plaintiffs argue that an immediate appeal should be permitted because a majority of Superior Court decisions have extended the scope of municipality exemption from CUTPA considerably further than the Connecticut Supreme Court's decisions on the issue, and therefore, the court's August 7, 2000 decision may be reversed on appeal. The plaintiffs also argue that an immediate appeal promotes judicial economy.
The plaintiffs have not advanced a compelling reason why the court should permit an immediate appeal. The plaintiffs' CUTPA claim is separate and distinct from their tortious interference claim, and any decision by the Appellate Court on the validity of the plaintiffs' CUTPA claim will have no effect on the plaintiffs' tortious interference claim. "Where, as here, the outcome of the case will not be affected by the appellate court's decision, because regardless of that decision the plaintiffs' remaining [claim] must still be tried, there is no legal basis for granting the right to immediate appellate review." (Internal quotation marks omitted.) ShareAmerica, Inc. v. Ernst Young, supra,25 Conn.L.Rptr. 162. The promotion of judicial economy is not sufficient by itself to warrant an immediate appeal. Therefore, this court cannot determine that the issues resolved by its decision are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified.
Accordingly, the plaintiffs' motion for written determination permitting immediate appeal is denied.
Moraghan, J.T.R.